Emil SARGA, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

Nos. 06–1413–ag(L); 06–1415–ag(con).

United States Court of Appeals, Second Circuit.

Oct. 24, 2006.

Saher J. Macarius, Framingham, Massachusetts, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of these petitions for review of the Board of Immigration Appeals ("BIA") decisions it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Emil Sarga, a native and citizen of Egypt, seeks review of (1) the October 5, 2005 order of the Board of Immigration Appeals ("BIA") denying Sarga's appeal from the March 22, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) a February 27, 2006 order of the BIA denying Sarga's motion to reopen the October 5, 2005 order. *In re Sarga, Emil Seryan,* No. A75 964 928 (B.I.A. Feb. 27, 2006); *In re Emil Seryan Sarga,* No. A75 964 928 (B.I.A. Oct. 5, 2005), *aff'g* No. A75 964 928 (Immig. Ct. N.Y. City Mar. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court lacks jurisdiction to review Sarga's petition for review of the BIA's October 5, 2005 decision affirming the IJ's denial of relief. Sarga filed his petition for review on March 27, 2006, well beyond the 30–day time limit for filing. *See* 8 U.S.C. § 1252(b)(1).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an

arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying Sarga's "motion to reconsider." Because Sarga's motion failed to meet the evidentiary requirements for a motion to reconsider under 8 C.F.R. § 1003.2(b)(1), the BIA reasonably construed it as a motion to reopen. The BIA considered the documentation Sarga submitted—namely, the letter from his mother, the letter from his friend, the affidavit from the individual who brought the letters from Egypt to the United States, and the "updated reports concerning country conditions in Egypt." The BIA reasonably found that the letters were insufficient to warrant revisiting the IJ's adverse credibility determination—a determination that was based, among other things, on fraudulent documents Sarga submitted and his failure to supply corroborating documentation and to adequately explain why it was not available to him. The letters submitted by Sarga provide no information beyond what was already presented during his merits hearing. *See* 8 C.F.R. § 1003.2(c)(1). Moreover, Sarga made no attempt to explain why the letter from his friend could not have been presented at the former hearing, and the BIA could reasonably find unconvincing Sarga's contention that his mother could not have included in her previous letter sensitive information, given that in her 1999 letter, she spoke about the alleged persecutorial incidents and alleged police indifference and government complicity.

■ The BIA also reasonably found that the evidence Sarga submitted failed to demonstrate that "circumstances ha[d] sufficiently changed such that there would be a different outcome" in the case. The news articles he submitted into evidence

established, at most, that Coptic Christians in Egypt *remained* the subject of persecution, not that conditions had worsened. We conclude that the BIA reasonably found that Sarga failed to show that a different result was warranted, and that, as a result, he failed to meet the standard for granting his motion to reopen.

For the foregoing reasons, these petitions for review are DENIED. Having completed our review, the pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).